## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

---

| | |
|---|---|
| **KENNETH W. JONES, on behalf of** | ) |
| **himself and all others similarly situated,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CASE NO. 12-1699** |
| | ) |
| **MIDLAND FUNDING LLC, and** | ) |
| **MIDLAND CREDIT MANAGEMENT,** | ) |
| **INC.** | ) |
| **Defendants.** | ) |
| | ) |

---

## PLAINTIFF'S OPPOSITION TO MOTION FOR PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

### INTRODUCTION

Plaintiff Kenneth W. Jones, by and through the undersigned counsel, hereby opposes Defendants Midland Funding, LLC and Midland Credit Management, Inc.'s Motion for Permission to Appeal Pursuant to 28 U.S.C. § 1292(b).

<u>First</u>, Defendants' Motion should be denied because it is untimely. In *Casey v. Long Island R. Co.*, 406 F.3d 142, 146 (2d Cir. 2005), this Court confirmed that when acceptance of an appeal is within the court of appeals' discretion, "[t]he petition *must* be filed within the time specified by the statute ... authorizing the appeal." Fed. R. App. P. 5(a)(2) (emphasis added). Thus, the "ten-day window" specified by § 1292(b) "is mandatory, not discretionary." 406 F.3d at 146, quoting

1

from *Tranello v. Frey,* 962 F.2d 244, 248 (2d Cir. 1992). "It is beyond the power of this Court to enlarge" that period. *Id.*

The Motion was required to be filed within ten days after the April 11, 2011 entry of the Order it seeks to certify for interlocutory appeal, but instead was filed eleven days thereafter. Thus, this Court lacks jurisdiction to hear the Motion.

<u>Second,</u> the Order itself reveals that the collection letter at issue violates the FDCPA in other respect not addressed by the Order below. The letter is subject to two reasonable interpretations, one of which is incorrect. Midland's failure to disclose that interest is accruing naturally leads the least sophisticated consumer to believe that it is not. That interpretation, Midland claims, is wrong. But under longstanding Second Circuit principles, a letter is deceptive or misleading if it is subject to an inaccurate yet reasonable interpretation by the least sophisticated consumer. *Russell v. Equifax A.R.S.,* 74 F.3d 30, 36 (2d Cir. 1996). A collection letter can be considered deceptive where it is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). The letter violated 15 U.S.C. §1692e(2).

Since the Order did not address all of the substantive claims asserted by Plaintiff, an interlocutory ruling would not be dispositive. Moreover, the District Court's Order does not involve a question of law as to which there is substantial ground for difference of opinion: the weight of the case law, and industry practice,

is consistent with and supports the Order entered below. If interest is accruing it must be disclosed; if interest is not accruing, the collection letter must remain silent, as it did here. *Chuway v. National Action Financial Services, Inc.,* 362 F.2d 944, 949 (7th Cir. 2004).

Granting the Motion and accepting an interlocutory appeal will only reward Defendants for their continued recalcitrance and cause more delay to this already prolonged litigation.

## ARGUMENT

### A.    This Court Lacks Jurisdiction of the Appeal

After a district court has issued a certification under section 1292(b), a would-be appellant must petition the court of appeals for permission to appeal, and that petition must be filed within ten days after entry of the district court's order. 28 U.S.C. § 1292(b).  If an application is not timely made, the district court's certification alone is insufficient to confer jurisdiction on the court of appeals. *Estate of Storm v. Northwest Iowa Hosp. Corp.*, 548 F.3d 686, 687-88 (8th Cir. 2008) (raising issue on its own and dismissing appeal for lack of jurisdiction).

The corresponding rule of appellate procedure provides that "[t]o request permission to appeal when an appeal is within the court of appeals' discretion, a party must file a petition for permission to appeal." Fed. R. App. P. 5(a)(1). "The petition must be filed with the circuit clerk with proof of service on all other parties

3

to the district-court action." *Id*. The rules further state that the petition must be filed "within the time specified by the statute authorizing the appeal," Fed. R. App. P. 5(a)(2), and expressly prohibit the court of appeals from extending the time to file. Fed. R. App. P. 26(b)(1). An appellant's failure to file an application for permission to appeal in the court of appeals within ten days of the district court's certification is a jurisdictional defect under section 1292(b).

This Court's lack of jurisdiction in this case is clear. The District Court's Order was entered April 11, 2012. Ten days from that date (not including weekends) was April 25, 2012. Defendants' Motion was filed April 26, 2012, a day after the closing of the ten day window. For that reason alone, the Motion should be denied.

If the Court sees fit not to deny the Motion for lack of jurisdiction, the Motion should still be denied for failure to meet the requirements of section 1292(b), as discussed below.

## B.    The Order Does Not Involve A Controlling Question Of Law

Reversing the District Court would not terminate this action. The District Court ruled on only one of the FDCPA violations asserted by Plaintiff: violation of section 1692g(a)(1), requiring that the initial communication from a debt collector to a debtor state the amount of the debt. Plaintiff's Complaint asserts several other violations of the FDCPA – sections 1692e, 1692e(2)(A) and 1692f. Complaint, at

4

¶ 36. Therefore, reversing the lower court's decision on the section 1692g(a)(1) claim would not terminate the case, but only result in a remand for dispositive motions or a trial on the other claims asserted in the Complaint.

### C.    There Are No Substantial Grounds For Difference Of Opinion

Defendants have not demonstrated that there exists substantial doubt about the District Court's ruling.    What the District Court here did was simply adhere to this Circuit's long-standing FDCPA jurisprudence that encompasses at least two basic principles: (1) a collection letter is deceptive or misleading if it is subject to an inaccurate yet reasonable interpretation by the least sophisticated consumer, *Russell v.   Equifax A.R.S.*, 74 F.3d at 36; and (2) a collection letter can be considered deceptive where it is "open to more than one reasonable interpretation, at least one of which is inaccurate," *Clomon v. Jackson*, 988 F.2d at 1319.

The District Court noted in several parts of its ruling that the collection letter at issue had an "added feature" that contributed to the violation of the statute because of the different possible interpretations:

> I found the notice in this case particularly problematic due to the added feature of the settlement offer. A consumer—even a sophisticated one—would not know what the amount of the debt would be if he did not pay the "amount due" of $1,885.55 by August 8.
>
> ******
>
> As plaintiff's counsel pointed out at oral argument, if the consumer does not know the amount of his debt, he cannot decide whether the settlement offer is a good one. Also, the statute requires that the notice

state the "amount of the debt," not the amount necessary to settle the debt.

Order at 4, 6, 2012 WL 1204716 at *2-3.

The lower court also disagreed with Defendants' unsubstantiated opinion that every consumer supposedly knows that interest accrues over time on every unpaid debt: "the least sophisticated consumer, although perhaps aware that debt typically accrues interest, might well be uncertain as to the amount of the debt after reading MCM's letter of June 24." Order at 4, 2012 WL 1204716 at *2. The court recognized that consumers may be aware that interest might, but does not always accrue on an outstanding debt. Not all debt buyers, such as Midland, and not even all creditors, continue to charge interest after default, for a variety of practical and legal reasons such as state law usury limitations. This very uncertainty in the mind of a consumer reading Defendants' letter is the basis for more than one reasonable interpretation of the communication, thereby meeting the *Russell* and *Clomon* standards. As the District Court reasoned:

> …, the question is not simply whether the least sophisticated consumer knows that credit card debt accrues interest. The question is whether a validation notice listing a "balance" that is outdated when received and continues to accrue daily interest at an unspecified rate clearly and effectively states the amount of the debt. The least sophisticated consumer would not know the precise amount of the debt as of the date he received the June 24 letter, nor would he know how much he could pay to settle the debt if he did not pay by the time the offer expired.

Order at 11, 2012 WL 1204716 at *5.

6

The ruling, far from being "flawed," Def. Mem. at 9, was completely and consistently in line with this Circuit's FDCPA precedent. Defendants have failed to demonstrate any substantial ground for difference of opinion.

### D. An Immediate Appeal Would Not Advance The Litigation

Defendants' argument on this prong of section 1292(b) is merely a transparent cry for sympathy, a plea for reversal simply to save Defendants the cost of litigation that they themselves have spared no expense to prolong for four years. Def. Mem. at 9. Plaintiff has prevailed in almost every dispute, yet Defendants continue to throw up roadblocks and attempt to prevent finality as long as possible. Their Motion is only another example of their delay strategy.

Defendants do not address the various claims asserted by Plaintiff under the FDCPA, see above, that were not ruled upon by the District Court. The existence of those claims demonstrates that the appeal sought by Defendants would mean inevitable delay, and would not materially advance the litigation within the meaning of section 1292(b).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny

Defendants' Motion For Permission to Appeal Pursuant to 28 U.S.C. § 1292(b).

Dated: May 10, 2012          **RESPECTFULLY SUBMITTED,**

**PLAINTIFF**

BY:    */s/ Joanne S. Faulkner*
         JOANNE S. FAULKNER
         123 Avon Street
         New Haven, CT 06511-2422
         (203) 772 0395

         **FRANCIS & MAILMAN, P.C.**
         JAMES A. FRANCIS
         Land Title Building, 19th Floor
         100 South Broad Street
         Philadelphia, PA  19110
         (215) 735-8600

         **DONOVAN AXLER, LLC**
         NOAH AXLER
         1845 Walnut Street
         Suite 1100
         Philadelphia, PA 19103
         (215) 732-6067

         Attorneys for Plaintiff and the Class

## <u>Certificate of Service</u>

I hereby certify that on May 10, 2012, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Joanne S. Faulkner
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772 0395
j.faulkner@snet.net